■ PATRICIA IMPERATI, Respondent, v DAVID S. LEE, M.D., et al., Appellants, et al., Defendants. [18 NYS3d 615]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about March 14, 2014, which granted so much

of plaintiff's motion as sought to amend the complaint to add a cause of action for wrongful death, unanimously reversed, on the law, without costs, and the motion denied.

The court improperly granted plaintiff's motion to amend the complaint to include a cause of action for wrongful death, as the proposed amendment is palpably insufficient. "A motion seeking leave to amend a personal injury complaint to assert a cause of action for wrongful death must be supported by competent medical proof of the causal connection between the alleged malpractice and the death of the original plaintiff" (*McGuire v Small*, 129 AD2d 429, 429 [1st Dept 1987]; *see also Cruz v Brown*, 129 AD3d 455 [1st Dept 2015]). The record shows that plaintiff's decedent suffered from numerous serious ailments prior to the alleged malpractice, and did not die until nearly two years after the alleged malpractice, following a number of other procedures performed by nondefendants and while in the care of other nondefendants for those two years. Plaintiff's counsel's conclusory assertion of causation, contained in his affirmation in support of the motion, was insufficient to establish a causal connection between the decedent's death and the originally alleged malpractice by defendants (*see Griffin v New York City Tr. Auth.*, 1 AD3d 141 [1st Dept 2003]). Concur— Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.