■ FEDIE R. REDD, Appellant, v VILLAGE OF FREEPORT, Respondent. [53 NYS3d 692]—

Appeals from two orders of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 10, 2015, and June 25, 2015, respectively. The order entered March 10, 2015,

granted the defendant's motion for leave to amend its answer to add the affirmative defense of collateral estoppel. The order entered June 25, 2015, granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of collateral estoppel.

Ordered that the orders are affirmed, with one bill of costs.

Under CPLR 3025 (b), a party may amend a pleading "at any time" by leave of the court (CPLR 3025 [b]), even after trial (*see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]). Leave to amend "shall be freely given upon such terms as may be just including the granting of costs and continuances" (CPLR 3025 [b]). Generally, courts should grant leave to amend when (1) there has been no "prejudice or surprise resulting directly from the delay in seeking leave," and (2) the proposed amendment is neither palpably insufficient nor patently devoid of merit (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Katz v Castlepoint Ins. Co.*, 121 AD3d 948, 950 [2014]). The party opposing the application has the burden of establishing prejudice (*see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411), which requires a showing that the party "has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411). Here, the Supreme Court did not improvidently exercise its discretion in granting the defendant leave to amend its answer to assert the affirmative defense of collateral estoppel. The plaintiff did not demonstrate that she was prejudiced or unfairly surprised by the delay. Moreover, the proposed amendment was neither palpably insufficient nor patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d at 222).

After granting the defendant leave to amend its answer, the Supreme Court properly granted the defendant's motion to dismiss the complaint on the ground that the action was barred by collateral estoppel (*see Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d 989, 991 [1986]; *Abrahams v Commonwealth Land Tit. Ins. Co.*, 120 AD3d 1165, 1166 [2014]; *Matter of Samuels [New York City Tr. Auth.—Commissioner of Labor]*, 118 AD3d 1206, 1207 [2014]; *Nachum v Ezagui*, 83 AD3d 1017, 1018 [2011]).

The plaintiff's remaining contention is not properly before this Court. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.