■ DEBORAH BYNUM, Individually and as Administrator of the Estate of HEATHER BYNUM, Deceased, Respondent, v CAMP BISCO, LLC, et al., Appellants. [66 NYS3d 47]—

Mulvey, J. Appeal from an order of the Supreme Court (Versaci, J.), entered April 10, 2017 in Schenectady County, which, among other things, granted plaintiff's motion to amend the complaint.

Plaintiff's daughter, Heather Bynum (hereinafter decedent), sustained serious permanent injuries in 2012 after reportedly ingesting a harmful substance while attending a music festival known as Camp Bisco. As a result, decedent entered a nonresponsive state from which she never recovered, and she died in 2016. Plaintiff, individually and as decedent's guardian, commenced actions in 2013, later consolidated, against defendants alleging, as relevant here, that defendants had breached their common-law duty to exercise reasonable care to, among other things, curtail the use of illegal drugs on the festival grounds, and negligence, based upon the failure to provide adequate onsite emergency medical services. This matter has previously

been before this Court (151 AD3d 1427 [2017]; 135 AD3d 1066 [2016]; 135 AD3d 1060 [2016]).[1] Following decedent's death, plaintiff moved for, among other relief, leave to amend the complaint to add a cause of action for wrongful death, which defendants opposed. After a brief oral argument, Supreme Court issued an order that amended the caption, substituted plaintiff, individually and as administrator of decedent's estate, as the plaintiff in this action, and granted the motion to amend.[2] Defendants now appeal.

We affirm. Pursuant to CPLR 3025 (b), a party may amend its pleadings "at any time by leave of [the] court," which "shall be freely given upon such terms as may be just" (*see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]). To that end, "[t]he decision whether to grant leave to amend pleadings rests within the trial court's sound discretion and[,] absent a clear abuse of that discretion, will not be lightly cast aside" (*Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1444-1445 [2010] [internal quotation marks and citations omitted]; *see Matter of Wechsler v New York State Adirondack Park Agency*, 85 AD3d 1378, 1380 [2011]). As recently clarified by this Court, on a motion for leave to amend a pleading, the movant need not establish the merits of the proposed amendment and, " 'in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' " (*NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 156 AD3d 99, 101-104 [2017] [brackets omitted], quoting *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411; *LaLima v Consolidated Edison Co. of N.Y., Inc.*, 151 AD3d 832, 834 [2017]; *Cruz v Brown*, 129 AD3d 455, 456 [2015]; *Holst v Liberatore*, 105 AD3d 1374, 1374-1375 [2013]). The party opposing the amendment bears the burden of demonstrating prejudice (*see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411; *Redd v Village of Freeport*, 150 AD3d 780, 781 [2017]).

Supreme Court providently exercised its discretion in granting plaintiff's motion to amend the complaint to add a cause of action for wrongful death following the death of

---

**1.** On prior appeals, the municipal defendants were granted summary judgment dismissing the complaint against them (135 AD3d at 1063), the complaint was dismissed as against the co-owners of defendant MCP Presents, LLC and the fraudulent misrepresentation claim was dismissed (135 AD3d at 1068). Defendants were recently directed to comply with plaintiff's discovery request for festival ticket sale records (151 AD3d at 1428-1429).

**2.** We note that a written decision by Supreme Court would have assisted this Court in understanding the rationale for its determination.

decedent. In support of her motion, plaintiff submitted an affirmation alleging that decedent died as a result of injuries suffered due to defendants' negligence, which defendants opposed by challenging the adequacy of proof of causation. In reply, plaintiff submitted decedent's death certificate, which lists as the primary cause of death acute respiratory failure due to sepsis and anoxic brain injury that occurred years earlier. Secondarily, it indicated that decedent had a seizure disorder that contributed to her death, but was not related to the primary cause of death. Decedent's dire condition and prognosis were known from the outset, discovery has been ongoing, the proposed amendment does not change the theory of recovery and, given its nature, obviously could not have been added prior to decedent's death (*see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411). In this procedural context, "[p]rejudice is more than the mere exposure of the [party] to greater liability," as "there must be some indication that the [party] has been hindered in the preparation of [the party's] case or has been prevented from taking some measure in support of [its] position" (*id.* [internal quotation marks and citations omitted]; *see Redd v Village of Freeport*, 150 AD3d at 781).

As Supreme Court correctly found, defendants failed to meet their burden of demonstrating either prejudice or hindrance and, on these facts, they cannot credibly claim surprise from the proposed amendment (*see Redd v Village of Freeport*, 150 AD3d at 781; *see also Noble v Slavin*, 150 AD3d 1345, 1346 [2017]; *Lakshmi Grocery & Gas, Inc. v GRJH, Inc.*, 138 AD3d 1290, 1292 [2016]). Moreover, we have previously recognized that plaintiff has a viable negligence cause of action based upon allegations that decedent's injuries were caused by defendants' failure to ensure that she received adequate and timely emergency medical care (135 AD3d at 1067). Defendants have not demonstrated that the amendment, which adds a cause of action for wrongful death based upon that negligence (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668 [1991]), is "palpably insufficient or patently devoid of merit" (*NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 156 AD3d 99, 101-104 [2017] [internal quotation marks and citation omitted]).[3]

---

3. Defendants' papers in opposition to the motion to amend alluded to the need, in a wrongful death action, to show that one or more distributees had a reasonable expectation of support from the decedent and, thus, suffered pecuniary loss (*see McKenna v Reale*, 137 AD3d 1533, 1535-1536 [2016]; EPTL 5-4.1 [1]; 5-4.3 [a]). Defendants did not clearly oppose the motion to amend based upon the failure to name the distributees or to request funeral

To the extent that defendants argue that the motion for leave to amend to add a cause of action for wrongful death must be supported by competent medical proof showing a causal connection between their alleged negligence and decedent's death, they are incorrect. Prior decisions have held that, "[w]here a plaintiff seeks to amend a complaint alleging *medical malpractice* to add a cause of action for wrongful death, such motion must be accompanied by 'competent medical proof showing a causal connection between the alleged negligence and the decedent's death'" (*Smith v Haggerty*, 16 AD3d 967, 968 [2005] [emphasis added], quoting *Ludwig v Horton Mem. Hosp.*, 189 AD2d 986, 986 [1993]; *see Imperati v Lee*, 132 AD3d 591, 592 [2015]). Given that plaintiff's wrongful death claim here is based upon negligence, that standard is inapplicable.

Peters, P.J., Garry, Aarons and Pritzker, JJ., concur. Ordered that the order is affirmed, with costs.

---

expenses in the proposed amended complaint. Supreme Court's oral ruling appeared to recognize that this would ultimately be in issue, but did not expressly or clearly rule on it. In any event, defendants did not raise this claim in their brief to this Court and, accordingly, that challenge is deemed abandoned for purposes of this appeal (*see Gallagher v Cayuga Med. Ctr.*, 151 AD3d 1349, 1351 n 1 [2017]), although nothing in this decision precludes it from being raised as a challenge to the amended complaint in the trial court.