Matter of McDermott v Annucci (2021 NY Slip Op 04526)





Matter of McDermott v Annucci


2021 NY Slip Op 04526


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532416
[*1]In the Matter of Kwame McDermott, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:June 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Kwame McDermott, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.



Appeal from a judgment of the Supreme Court (McGrath, J.), entered November 5, 2020 in Albany County, which, among other things, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for leave to serve a supplemental petition.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging his date of delinquency and seeking a recalculation of his jail time credit. Respondent Dutchess County Sheriff answered and agreed that petitioner was entitled to the 375 days of jail time credit sought in the petition and directed the Department of Corrections and Community Supervision to accept the certification of jail time credit to that effect. In the interim, petitioner sought leave to serve a supplemental petition — seeking to add the Board of Parole as a named party and again challenging his date of delinquency and the computation of his jail time credit, together with the corresponding effect upon his term of imprisonment. Respondent Commissioner of Corrections and Community Supervision moved to dismiss the petition as moot — citing the Sheriff's concession that petitioner was entitled to the requested jail time credit and noting that the necessary recalculations had been performed. Supreme Court granted the motion to dismiss and denied petitioner's request for leave to serve a supplemental petition. This appeal ensued.
We affirm. Pursuant to CPLR 3025 (b), a party may, as relevant here, "amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court." As this Court has recognized, "such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Matter of Perkins v Town of Dryden Planning Bd., 172 AD3d 1695, 1697 [2019] [internal quotation marks and citations omitted]; see CPLR 3025 [b]; Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [2017]). "Whether to grant or deny leave
. . . is a matter resting within the discretion of the trial court and its decision will not be disturbed absent an abuse thereof" (Matter of Perkins v Town of Dryden Planning Bd., 172 AD3d at 1697 [citations omitted]; see Napoli v Canada Dry Bottling Co. of N.Y., 166 AD2d 696, 696 [1990]).
The proposed supplemental petition alleges that petitioner was denied due process as a result of the erroneous procedures utilized to determine his date of delinquency and to calculate his jail time credit, which, in turn, resulted in an "impermissible enhancement" of his term of imprisonment. As respondents' submissions demonstrate, however, such errors have been corrected; petitioner has received the 375 days of jail time credit to which he alleged he was entitled and his term of imprisonment has been adjusted accordingly. Under these circumstances, we cannot say that Supreme Court abused its considerable discretion in denying petitioner's motion to serve a supplemental petition. Petitioner's remaining [*2]arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.