Jin Liang Lin v Gee (2021 NY Slip Op 06679)





Jin Liang Lin v Gee


2021 NY Slip Op 06679


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-09898
 (Index No. 714075/16)

[*1]Jin Liang Lin, respondent, 
v
Herbert Gee, et al., defendants, Good-Will MEP, LLC, et al., appellants.


Martyn & Martyn, Mineola, NY (Thomas P. Ram of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Good-Will MEP, LLC, and Good-Will Mechanical Corp. appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered July 12, 2019. The order, insofar as appealed from, denied those defendants' motion for leave to amend their answer.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the motion of the defendants Good-Will MEP, LLC, and Good-Will Mechanical Corp. for leave to amend their answer is granted.
On May 11, 2016, the plaintiff allegedly was injured when he fell while working at a residential home owned by the defendants Herbert Gee and Andrea Permessur (hereinafter together the homeowners). In November 2016, the plaintiff commenced this personal injury action against the homeowners and the defendants Good-Will MEP, LLC, and Good-Will Mechanical Corp. (hereinafter together the Good-Will defendants). Good-Will Mechanical Corp. was the general contractor hired by the homeowners to perform renovations at the property. The Good-Will defendants interposed an answer to the complaint in February 2017.
In April 2019, the Good-Will defendants moved for leave to amend their answer to assert an affirmative defense that the plaintiff was a special employee of the Good-Will defendants. The plaintiff opposed the motion, arguing, inter alia, that the Good-Will defendants failed to come forward with any adequate explanation for their delay in moving for leave to amend their answer. In an order entered July 12, 2019, the Supreme Court, inter alia, denied the motion as untimely, and the Good-Will defendants appeal.
"'Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit'" (Caldara v County of Westchester, 197 AD3d 607, 608, quoting Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732; see Lucido v Mancuso, 49 AD3d 220, 222). "No evidentiary showing of merit is required under CPLR 3025(b)" (Caldara v County of Westchester, 197 AD3d at 608 [internal quotation marks omitted]). "The party opposing the application has the burden of establishing prejudice, which requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Redd v Village of Freeport, 150 AD3d 780, 781 [citation and internal quotation marks omitted]).
Here, the Supreme Court should have granted the Good-Will defendants' motion for leave to amend their answer to assert an affirmative defense that the plaintiff was a special employee of the Good-Will defendants. As the plaintiff would not be prejudiced or surprised by the assertion of this proposed affirmative defense, and it is not palpably insufficient or patently devoid of merit, leave to amend the Good-Will defendants' answer to assert it should have been granted (see CPLR 3025[b]; National Recruiting Group, LLC v Bern Ripka LLP, 183 AD3d 831, 833; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886; Reese v Jahan Contr., 120 AD3d 1399, 1400; Goodarzi v City of New York, 217 AD2d 683, 684).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court