Flowers v Mombrun (2023 NY Slip Op 00206)

Flowers v Mombrun

2023 NY Slip Op 00206

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-00023
 (Index No. 508598/18)

[*1]Vera Flowers, appellant, 
v
Mussolini Mombrun, et al., defendants, American Transit Insurance Company, respondent.

Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellant.
Short & Billy, P.C., New York, NY (Christopher E. O'Donnell of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated December 3, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint insofar as asserted against the defendant American Transit Insurance Company.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint insofar as asserted against the defendant American Transit Insurance Company is granted.
The plaintiff, a pedestrian, allegedly was injured when the defendant Mussolini Mombrun struck her with his vehicle and fled the scene. Mombrun subsequently pleaded guilty to assault in the second degree and assault in the third degree in relation to the incident. On April 26, 2018, the plaintiff commenced this action against, among others, Mombrun and the insurer of Mombrun's vehicle, the defendant American Transit Insurance Company (hereinafter ATIC). As against ATIC, the complaint alleged that ATIC denied the plaintiff's claim for lost wages in bad faith.
On October 28, 2019, the plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint insofar as asserted against ATIC. The proposed amended complaint described and attached correspondence between the plaintiff and ATIC regarding the plaintiff's claims and included allegations regarding events post-dating the original complaint, including the conduct of a physician during an independent medical examination of the plaintiff conducted at the request of ATIC in November 2018 and ATIC's subsequent denial of future benefits based upon the results of the examination. In opposition, ATIC argued that the plaintiff failed to provide an explanation for not attaching the correspondence to the original complaint and that it was prejudiced by the delay of more than 10 months between the denial of benefits related to the independent medical examination and the plaintiff moving for leave to assert allegations related thereto. ATIC did not challenge the sufficiency of the proposed amendments. In an order dated December 3, 2019, [*2]the Supreme Court, among other things, denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint insofar as asserted against ATIC. The plaintiff appeals.
A party may amend a pleading "at any time" by leave of the court (CPLR 3025[b]; see Shields v Darpoh, 207 AD3d 586, 587). "'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Onewest Bank, FSB v N & R Family Trust, 200 AD3d 902, 903, quoting Lucido v Mancuso, 49 AD3d 220, 222). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). "'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Alter v Quality Choice Healthcare, Inc., 184 AD3d 612, 613, quoting Cohen v Ho, 38 AD3d 705, 706). However, "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (Shields v Darpoh, 207 AD3d at 587 [internal quotation marks omitted]; see Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362; BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863). "The party opposing the application has the burden of establishing prejudice, which requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Redd v Village of Freeport, 150 AD3d 780, 781 [citation and internal quotation marks omitted]; see Jin Liang Lin v Gee, 200 AD3d 666, 667).
Here, ATIC failed to demonstrate that it would be surprised or prejudiced by the proposed amendments (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 412; Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d 1240, 1241). The details concerning the communications between the parties regarding the plaintiff's claims were "premised upon the same facts, transactions or occurrences alleged in the original complaint" (Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27) and merely elaborated on the same theory of liability alleged in the original complaint (see Moore v New York City Tr. Auth., 161 AD2d 505, 506). ATIC's contention that evidence may have been lost in the months following the independent medical examination was too speculative to demonstrate any prejudice from the plaintiff's delay in seeking leave to amend the complaint to assert allegations related thereto (see Antwerpse Diamantbank N.V. v Nissel, 27 AD3d 207, 208; Home Indem. Co. v City of Long Beach, 57 AD2d 832; cf. Beuschel v Malm, 114 AD2d 569, 569).
ATIC's contention that the plaintiff failed to state a cause of action against it, and therefore the proposed amendments were palpably insufficient or patently devoid of merit, is improperly raised for the first time on appeal (see KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d 710, 713; Nationstar Mtge., LLC v Forrest, 187 AD3d 927, 928).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint insofar as asserted against ATIC.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court