J.R. v State of New York (2024 NY Slip Op 50480(U))

[*1]

J.R. v State of New York

2024 NY Slip Op 50480(U)

Decided on March 21, 2024

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 21, 2024
Court of Claims

J.R. Claimant

against
The State of New York, Defendant.

Claim No. 138000

Claimant's attorney: RICKNER PLLC
By: Stephanie Panousieris, Esq.
Defendant's attorney: HON. LETITIA JAMES
Attorney General for the State of New York
By: Dian Kerr McCullough, Assistant Attorney General 

Walter Rivera, J.

The following papers numbered 1-3 were read and considered by the Court on claimant's motion for leave to amend the claim pursuant to CPLR 3025 (b) to add causes of action revived under the New York Adult Survivors Act, CPLR 214-j:
Notice of Motion, Attorney's Supporting Affirmation and Exhibits 1
Attorney's Affirmation in Opposition 2
Attorney's Reply Affirmation 3
By Decision and Order dated May 2, 2022, this Court granted claimant leave to file a late claim asserting that the State was negligent in its supervision and retention of two correction officers who allegedly sexually assaulted, sexually abused, and harassed claimant from [*2]November of 2012 through July 23, 2018, during claimant's incarceration at Bedford Hills Correctional Facility and while she was out on parole (Ex. C). The filed claim is stamped received by the office of the attorney general on July 21, 2022 and was filed with the Court on July 25, 2022 (Claim, NYSCEF, Doc 1).
Claimant brings the instant motion for leave to amend the claim to add two causes of action. One cause of action alleges that the State is liable, under a theory of respondeat superior, for the negligent and intentional torts of the two correction officers, including their alleged assault and battery of claimant. The other cause of action alleges that the State is liable, under a theory of respondeat superior, for the violation of claimant's state constitutional rights by the two correction officers (Exs. A, B).
The State opposes the motion on numerous grounds, including that claimant has failed to demonstrate that her proposed amendments have merit. 
Additionally, the State argues that the doctrine of collateral estoppel precludes claimant from amending her claim to add causes of action alleging that the State was negligent in its hiring, screening, and training of the two correction officers. In that regard, the State notes that this Court's Decision and Order dated May 2, 2022 denied claimant's late claim application regarding those causes of action on the ground that claimant had not met her burden of showing that said causes of action have an appearance of merit (Ex. C). Claimant's Reply papers affirm that claimant is not seeking to amend the claim to add any causes of action alleging that the State was negligent in its hiring, screening, or training of the two correction officers. Additionally, to the extent that the proposed amended claim includes such language, claimant represents that the proposed claim will be modified to limit this cause of action to negligent supervision and retention of the two correction officers (Attorney's Reply Affirmation, ¶ 12). Thus, the papers before the Court do not require the Court to determine whether a cause of action for the State's alleged negligence in its hiring, screening, and/or training of the two correction officers may be added to the claim.
Analysis
CPLR 3025 (b) provides that "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court." Additionally, in the absence of unfair prejudice or surprise to the opposing party,"[l]eave shall be freely given upon such terms as may be just" (CPLR 3025 [b]). The burden of establishing prejudice is upon the party opposing the amendment and requires a showing that the party has been hindered in the preparation of its case or has been prevented from taking some measures in support of its position (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Flowers v Mombrun, 212 AD3d 713, 715 [2d Dept 2023]). 
Leave to amend should not be granted if the proposed amendment is palpably insufficient or patently devoid of merit (Spence v City of New York, 202 AD3d 1124, 1126 [2d Dept 2022]). There is, however, no evidentiary showing of merit required under CPLR 3025 (b) (see Jin Liang Lin v Gee, 200 AD3d 666 [2d Dept 2021]). Rather, the Court need only determine whether the proposed amendment is palpably insufficient to state a cause of action or defense (Caldara v County of Westchester, 197 AD3d 607 at 608 [2d Dept 2021]). The determination to permit or deny the amendment is committed to the sound discretion of the Court and the Court's determination will not lightly be set aside (see Kimso Apts., LLC , 24 NY3d at 411).
Thus, in the instant case, claimant is not required to make an evidentiary showing of merit of the proposed amendment. Rather, claimant need only show that the proposed causes of action are not palpably insufficient or patently devoid of merit (see Spence, 202 AD3d; Jin Liang Lin, 200 AD3d; Caldara, 197 AD3d at 608). With regard to the proposed cause of action alleging that the State is liable, under the theory of respondeat superior, for the alleged negligence and intentional conduct of the two correction officers, including their alleged assault and battery of claimant, the Court finds that this proposed cause of action is not palpably insufficient to state a cause of action. 
The State, however, argues that leave should not be granted as to so much of the cause of action as alleges that the State is vicariously liable for the intentional conduct of the two correction officers, including their alleged assault and battery of claimant, because such cause of action is patently devoid of merit.[FN1]
In that regard, the State relies upon N.X. v Cabrini Med. Ctr. (97 NY2d 247), for the proposition that, in the instant case, the State cannot be held vicariously liable, as a matter of law, for the intentional conduct of the two correction officers, including their alleged assault and battery of claimant, because their intentional conduct was a clear departure from their scope of employment. This Court notes, however, that in N.X. (97 NY2d at 253), the Court of Appeals expressly rejected the argument that the sexual assault of a patient by the employer's physician, who had no known history of sexual misconduct, can never, as a matter of law, be reasonably foreseeable to the employer, as a basis for vicarious liability. Further, as noted above, claimant is not required under CPLR 3025 (b) to make an evidentiary showing of merit of the proposed amendment. 
Upon review of the claim and the proposed amendment to the claim, the Court notes that the claim alleges that the State's two correction officers committed acts of sexual abuse and sexual assault of claimant over the course of nearly six years in various locations throughout the State's facility, including the gym and a therapeutic ward. Thus, the Court finds that the proposed amendment is not patently devoid of merit and that the State's arguments made in opposition to claimant's proposed amendment are not persuasive. Moreover, the Court finds that the State's arguments regarding the merit of the proposed cause of action are more appropriately addressed in a summary judgment motion, after discovery has been completed (see Rivera v State of New York, 34 NY3d 383 [2019] [Summary judgment awarded to the State dismissing the claim that the State was vicarious liability for a vicious attack by its correction officers]; Judith M. v Sisters of Charity Hosp., 93 NY2d 932 [1999] [On a summary judgment motion, the allegation of vicarious liability for a sexual assault was dismissed]).
It is also noted that the State neither argues nor establishes that it has been hindered in the preparation of its case or that the State has been prevented from taking some measures in support of its position. 
Accordingly, to the extent that claimant seeks leave to amend her claim to add a cause of action alleging that the State is liable, under the theory of respondeat superior, for the alleged negligence and intentional torts of the two correction officers, including their alleged assault and battery of claimant, claimant's motion is GRANTED.
With regard to the cause of action alleging that the State is liable, under a theory of respondeat superior, for the violation of claimant's state constitutional rights by the two correction officers, the Court finds that claimant's reliance upon Brown v State of New York (89 NY2d 172 [1996]) is misplaced. Indeed, the Court of Appeals has made clear that the " 'narrow remedy' " established in Brown, "is not boundless" and that such remedy "cannot be stretched to fit the facts" of every case (Martinez v City of Schenectady, 97 NY2d 78, 83 [2001][citation omitted]). In the case at bar, the Court finds that the recognition of a constitutional tort remedy is neither necessary nor appropriate because claimant has an adequate remedy to address the alleged wrongs under the causes of actions alleged in the filed claim (see Lyles v State of New York, 2 AD3d 694, 695-696 [2d Dept 2003] [The recognition of a constitutional tort remedy was neither necessary nor appropriate where the alleged wrongs could have been addressed in timely interposed common-law tort claims of false imprisonment and assault and battery]). Therefore, to the extent that claimant seeks leave to amend her claim to add a cause of action alleging that the State is liable, under a theory of respondeat superior, for the violation of claimant's state constitutional rights by the two correction officers, claimant's motion is DENIED.
Claimant shall serve and file an amended claim, limiting the causes of action as set forth in this Court's Decision and Order by deleting the reference to the state constitution in paragraphs 3 and 42 of the proposed claim (Ex. B), within 30 days of the filed-stamped date of this Decision and Order.

Footnotes

Footnote 1:The State's opposition to claimant's proposed amendment to the claim is limited to so much of the cause of action as alleges that the State is vicariously liable for the intentional conduct of the two correction officers, including their alleged assault and battery of claimant. The State does not make any arguments in opposition to so much of the cause of action in the proposed amendment as alleges that the State is vicariously liable for the negligent conduct of the two correction officers.