Cumberbatch v Townsend (2025 NY Slip Op 04158)

Cumberbatch v Townsend

2025 NY Slip Op 04158

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-04277
 (Index No. 601751/21)

[*1]Donique Cumberbatch, respondent,
v
Jacqueline Townsend, et al., appellants.

Lee M. Nigen, Woodbury, NY, for appellants.
O'Sullivan & Zacchea, PLLC, Astoria, NY (Kevin M. O'Sullivan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the defendants appeal from an order of the Supreme Court, Nassau County (David J. Gugerty, J.), dated April 11, 2023. The order denied the defendants' motion pursuant to CPLR 3025 for leave to amend their answer.
ORDERED that the order is affirmed, with costs.
To the extent that the plaintiff argues that this appeal should be dismissed as academic based on a stipulation of settlement dated May 24, 2023, the stipulation is not properly before this Court and will not be considered. The stipulation, which post-dates the order appealed from, is not properly part of the record on appeal because it is not one of "the papers and other exhibits upon which the . . . order was founded" (CPLR 5526; see Recht v Teuscher, 176 AD2d 863, 863).
"A motion for leave to amend a pleading should not be granted where prejudice or surprise to the opposing party results directly from the moving party's delay" (CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; see Ofman v Bluestone, 227 AD3d 822, 824). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Flowers v Mombrun, 212 AD3d 713, 714; see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (Flowers v Mombrun, 212 AD3d at 714-715 [internal quotation marks omitted]; see Alter v Quality Choice Healthcare, Inc., 184 AD3d 612, 613).
Here, the defendants sought leave to amend their answer after discovery was completed, a note of issue had been filed, and the trial had commenced. The defendants failed to proffer a reasonable excuse for this delay. Under all of the circumstances present here, the defendants' unexplained delay resulted in unfair surprise and prejudice to the plaintiff (see generally CPLR 3025[b]; Ofman v Bluestone, 227 AD3d at 824; CitiMortgage, Inc. v Nunez, 198 AD3d at 866). Accordingly, the Supreme Court providently exercised its discretion in denying leave to amend pursuant to CPLR 3025(b).
To the extent that the defendants rely on CPLR 3025(c) in contending that their [*2]motion for leave to amend their answer should have been granted, their contention is without merit.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court