Curry v County of Suffolk

2026 NY Slip Op 02246

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Michelle Curry, plaintiff-respondent,

v

County of Suffolk, et al., appellants, Town of Babylon, defendant-respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2021-03069, 2021-04611, (Index No. 609596/18)

Lara J. Genovesi, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Phillip Hom, JJ.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Steve Fiore-Rosenfeld of counsel), for appellant County of Suffolk.

Gordon Rees Scully Mansukhani, LLP, New York, NY (Lee Henig-Elona and Mohammad Haque of counsel), for appellants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp.

The Barnes Firm, P.C., Garden City, NY (Robert Seigel of counsel), for plaintiff-respondent.

Lewis Johs Avalone Aviles, LLP, Islandia, NY (John B. Saville of counsel), for defendant-respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, (1) the defendant County of Suffolk and the defendants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp. separately appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 16, 2021, and (2) the defendants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp. appeal from an order of the same court dated June 23, 2021. The order dated April 16, 2021, insofar as appealed from by the defendant County of Suffolk, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The order dated April 16, 2021, insofar as appealed from by the defendants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp. denied those defendants' motion pursuant to CPLR 3025 for leave to amend their answer. The order dated June 23, 2021, denied the motion of the defendants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp. for leave to renew and reargue their prior motion pursuant to CPLR 3025 for leave to amend their answer.

ORDERED that the appeal from the order dated June 23, 2021, is dismissed; and it is further,

ORDERED that the order dated April 16, 2021, is affirmed insofar as appealed from by the defendant County of Suffolk; and it is further,

ORDERED that the order dated April 16, 2021, is reversed insofar as appealed from [*2]by the defendants Winters Bros. Waste Systems of Long Island, Inc., and Winters Bros. Recycling Corp., on the law and in the exercise of discretion, those defendants' motion pursuant to CPLR 3025 for leave to amend their answer is granted, and the amended answer in the form attached to the papers in support of those defendants' motion is deemed served; and it is further,

ORDERED that one bill of costs is awarded to the defendants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp. payable by the defendant Town of Babylon, and one bill of costs is awarded to the plaintiff payable by the defendant County of Suffolk.

The plaintiff allegedly was injured while driving on a roadway within the County of Suffolk when another vehicle traveling in the opposite direction crossed into her lane, causing the plaintiff to swerve. The plaintiff's vehicle struck a container that allegedly had been placed in the roadway by the defendants Winters Bros. Waste Systems of Long Island, LLC, and Winters Bros. Recycling Corp. (hereinafter together Winters Bros.) in connection with a commercial eviction that had occurred earlier that day under the supervision of the County's deputy sheriff. The plaintiff commenced this action against the County and Winters Bros., among others, to recover damages for personal injuries.

The County moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it on the grounds, inter alia, that it was entitled to governmental function immunity and that the negligence of the driver of the vehicle that crossed into the plaintiff's lane was the sole proximate cause of the accident.

Winters Bros. moved pursuant to CPLR 3025 for leave to amend their answer to correct certain mistakes, primarily involving the ownership of the container, contending that testimony adduced during discovery established that the defendant Town of Babylon, rather than Winters Bros., owned the container that was involved in the accident.

In an order dated April 16, 2021, the Supreme Court, among other things, denied the separate motions of the County and Winters Bros. The County and Winters Bros. separately appeal. In May 2021, Winters Bros. moved for leave to renew and reargue their prior motion pursuant to CPLR 3025 for leave to amend their answer. In an order dated June 23, 2021, the Supreme Court denied the motion. Winters Bros. appeal.

"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425; see Canberg v County of Nassau, 214 AD3d 943, 944). "If the municipality's actions fall in the proprietary realm, it is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties" (Applewhite v Accuhealth, Inc., 21 NY3d at 425). "If the municipality was acting in a governmental capacity, then the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action" (Canberg v County of Nassau, 214 AD3d at 945; see Ferreira v City of Binghamton, 38 NY3d 298, 304).

"A governmental entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (id. [internal quotation marks omitted]). "In deciding whether a function is proprietary or governmental, a court examines 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred'" (Wittorf v City of New York, 23 NY3d 473, 479, quoting Miller v State of New York, 62 NY2d 506, 513).

Here, the specific acts alleged to have caused the plaintiff's injuries were, inter alia, [*3]the County's negligent placement of the container in the roadway and its failure to warn of the potential hazard posed by the container. The County's actions in this regard were not an exercise of its police powers for the protection and safety of the public, and the Supreme Court correctly determined that the County was not entitled to summary judgment based on governmental function immunity (see Connolly v Long Is. Power Auth., 30 NY3d 719, 729; Turturro v City of New York, 28 NY3d 469, 480-481).

The Supreme Court also correctly determined that triable issues of fact exist as to the proximate cause of the accident. "The overarching principle governing determinations of proximate cause is that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury" (Hain v Jamison, 28 NY3d 524, 528-529 [internal quotation marks omitted]). "Typically, the question of whether a particular act of negligence is a substantial cause of the plaintiff's injuries is one to be made by the factfinder, as such a determination turns upon questions of foreseeability and what is foreseeable and what is normal may be the subject of varying inferences" (id. at 529 [internal quotation marks omitted]).

"When a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (id. [internal quotation marks omitted]; see Mazella v Beals, 27 NY3d 694, 706). "Only where 'the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct,' may it possibly 'break[ ] the causal nexus'" (Mazella v Beals, 27 NY3d at 706, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). "The mere fact that other persons share some responsibility for plaintiff's harm does not absolve defendant from liability because there may be more than one proximate cause of an injury" (id. [internal quotation marks omitted]).

Here, the negligence of the driver of the vehicle that crossed into the plaintiff's lane was a substantial factor in causing the accident. However, the County failed to eliminate triable issues of fact as to whether the alleged negligence of the County in, inter alia, placing the container in the roadway and failing to alert passing motorists as to the potential hazard posed by the container was a substantial cause of the plaintiff's injuries (see DeBartolo v Coccia, 276 AD2d 663, 663-664; see also Wittorf v City of New York, 23 NY3d at 479). Accordingly, the Supreme Court correctly denied the County's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.

However, the Supreme Court improvidently exercised its discretion in denying Winters Bros.' motion pursuant to CPLR 3025 for leave to amend their answer. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Inglese v City of New York, 237 AD3d 1077, 1078 [internal quotation marks omitted]; see Jin Liang Lin v Gee, 200 AD3d 666, 667). "No evidentiary showing of merit is required under CPLR 3025(b)" (Jin Liang Lin v Gee, 200 AD3d at 667 [internal quotation marks omitted]; see Caldara v County of Westchester, 197 AD3d 607, 608). "The court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 229; see Caldara v County of Westchester, 197 AD3d at 608). "The party opposing the application has the burden of establishing prejudice, which requires a showing that the party 'has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position'" (Redd v Village of Freeport, 150 AD3d 780, 781, quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23).

Here, the Town failed to identify any prejudice that would result from the proposed amendment, as the parties had been litigating as if the Town owned the container based upon the parties' testimony to that effect. Further, Winters Bros.' alleged delay in moving for leave to amend did not warrant denial of their motion since "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [internal quotation marks [*4]omitted]; see JBGR, LLC v Chicago Tit. Ins. Co., 195 AD3d 604, 606). Finally, the Town failed to demonstrate that the proposed amendment was palpably insufficient as a matter of law in light of the parties' testimony.

In light of our determination, Winters Bros.' appeal from so much of the order dated June 23, 2021, as denied that branch of their motion which was for leave to renew their prior motion pursuant to CPLR 3025 for leave to amend their answer has been rendered academic (see Nick v Schneider, 150 AD3d 1250, 1254; Czarnecki v Corso, 81 AD3d 774, 776). Winters Bros.' appeal from so much of the order dated June 23, 2021, as denied that branch of their motion which was for leave to reargue their prior motion pursuant to CPLR 3025 for leave to amend their answer must be dismissed, as no appeal lies from the denial of reargument (see Metro Found. Contrs., Inc. v M.A. Angeliades, Inc., 233 AD3d 669, 670; Bank of Am., N.A. v Davis, 210 AD3d 737, 737).

The plaintiff's remaining contention is without merit.

GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court