■ CAMILA LLANOS, Appellant, v T-MOBILE USA, INC., et al., Respondents. [18 NYS3d 666]—In an action, inter alia, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), dated August 12, 2013, as granted those branches of the motion of the defendants T-Mobile USA, Inc., and Peter Bueno, and the separate motion of the defendant Giuseppe Di Bartolo, which were pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action insofar as asserted against each of them, and (2) from so much of an order of the same court dated January 6, 2014, as, upon reargument, adhered to the determination in the order dated August 12, 2013.

Ordered that the appeal from the order dated August 12, 2013, is dismissed, as that order was superseded by the order dated January 6, 2014, made upon reargument; and it is further,

Ordered that the order dated January 6, 2014, is reversed insofar as appealed from, on the law, and, upon reargument, the determination in the order dated August 12, 2013, granting those branches of the motion of the defendants T-Mobile USA, Inc., and Peter Bueno, and the separate motion of the defendant Giuseppe Di Bartolo, which were pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action insofar as asserted against each of them is vacated, and thereupon, those branches of their motions are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Upon reargument, the Supreme Court should have denied those branches of the motion of the defendants T-Mobile USA, Inc., and Peter Bueno, and the separate motion of the defendant Giuseppe Di Bartolo, which were pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action, which alleged violations of section 8-107 of the Administrative Code of the City of New York, commonly referred to as the New York City Human Rights Law, insofar as asserted against each of them. Contrary to the court's determination, the New York City Human Rights Law claims were not duplicative of the first and second causes of action in the complaint, which alleged violations of the New York State Human Rights Law, and should not have been dismissed on that basis (see Executive Law § 296; Administrative Code of City of NY § 8-107 et seq.). Rather, the New York City Human Rights Law "explicitly requires an independent liberal construction analysis . . . targeted to understanding and fulfilling . . . the [New York City Human Rights Law's] 'uniquely broad and remedial' purposes, which go beyond those of counterpart state or federal civil rights laws" (Williams v New York City Hous. Auth., 61 AD3d 62, 66 [2009], quoting Administrative Code of City of NY § 8-130; see Brightman v Prison Health Serv., Inc., 108 AD3d 739, 740 [2013]; Nelson v HSBC Bank USA, 87 AD3d 995, 996 [2011]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.