Reid v St. Luke's-Roosevelt Hosp. Ctr. (2021 NY Slip Op 01016)





Reid v St. Luke's-Roosevelt Hosp. Ctr.


2021 NY Slip Op 01016


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 300405/13 Appeal No. 13136 Case No. 2019-03449 

[*1]Glenn Reid, as Administrator of the Estate of William Reid, Plaintiff-Respondent-Appellant,
v
St. Luke's-Roosevelt Hospital Center, Defendant-Appellant-Respondent, Annette Reid, Defendant.


Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for appellant-respondent.
Shayne, Dachs, Jonathan A. Dachs, New York, for respondent-appellant.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 27, 2019, which denied defendant St. Luke's-Roosevelt Hospital Center's motion to dismiss the complaint and denied without prejudice plaintiff's motion for summary judgment on liability, unanimously modified, on the law, to grant defendant's motion as to the third claim, alleging violation of the Public Health Law, and otherwise affirmed, without costs.
Defendant contends that plaintiff's claims are untimely. It is undisputed that the claims are untimely if the one-year statute of limitations for intentional tort claims is applied, but timely if the two-year statute of limitations for wrongful death claims or the three-year statute of limitations for negligence or statutory violation claims is applied (see CPLR 214[2], [5]; 215[3]; EPTL 5-4.1[1]; Havell v Islam, 292 AD2d 210 [1st Dept 2002]).
The first and second claims sound in wrongful death and are thus timely. Plaintiff's initial failure to allege that the decedent's surviving distributees suffered pecuniary loss by reason of his death (see James v Middletown Community Health Ctr., 278 AD2d 280, 281 [2d Dept 2000]) was cured by his claims of loss of parental guidance and inheritance in the supplemental bill of particulars (see Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668 [1991]). Even if the supplemental bill of particulars was improperly served without leave of court (see CPLR 3025[b]; 3043[b]; Barrera v City of NY, 265 AD2d 516, 517-518 [2d Dept 1999]), there is nothing to prevent consideration of plaintiff's affidavit submitted in opposition to defendant's motion to dismiss, in which he adopted the statements in the supplemental bill of particulars as his own (see Leon v Martinez, 84 NY2d 83, 88 [1994] ["a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint"]). Contrary to defendant's contention, punitive damages may properly be recovered in a wrongful death case under appropriate circumstances (see EPTL 5-4.3[b]).
The fourth claim sounds in negligence and thus is timely. Although plaintiff uses language like "malicious, willful and reprehensible" in his accompanying request for punitive damages, this boilerplate language is not dispositive. Contrary to defendant's contention, punitive damages may properly be recovered in a negligence case under appropriate circumstances (see Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 200-201 [1990]; Guariglia v Price Chopper Operating Co., Inc., 38 AD3d 1043, 1043-44 [3d Dept 2007], lv denied 9 NY3d 801 [2007]).
The third claim, styled as a statutory violation, that is, a violation of articles 29-C and 29-CC of the Public Health Law, must be dismissed because there is no provision in these sections for a private right of action for individual emotional or pecuniary damages (see DeCintio v Lawrence Hosp., 299 AD2d 165, 166 [1st Dept 2002], lv denied in part, dismissed in part 100 NY2d 549 [2003]; cf. [*2]Public Health Law §§ 2986[1], 2994-o[2]).
Plaintiff's motion for summary judgment on liability is premature. No depositions have yet taken place, and depositions are necessary to flesh out the circumstances of the conduct at issue (see CPLR 3212[f]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021