Thompson v City of New York (2024 NY Slip Op 50701(U))

[*1]

Thompson v City of New York

2024 NY Slip Op 50701(U)

Decided on June 11, 2024

Supreme Court, Kings County

Frias-Colon, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2024
Supreme Court, Kings County

Bridgette Thompson, Plaintiffs,

against
The City of New York, Defendant.

Index No. 525109/2022

For Plaintiff Bridgette Thompson: 
John Andrew Scola of the Law Office of John A. Scola, 90 Broad Street, Suite 1023, New York, NY 10004, 917-423-1445, jscola&commat;johnscolalaw.com
For Defendant City:
Lauren Silver of the New York City Law Department, 100 Church Street, New York, NY 10007, 212-356-1000,
lasilver&commat;law.nyc.gov

Patria Frias-Colon, J.

Upon the foregoing cited papers and after oral argument on June 7, 2023, pursuant to CPLR 3211(a)(7), Defendant the City of New York's Motion to Dismiss the complaint for failure to state a claim for race and gender discrimination pursuant to the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and hostile work environment claim pursuant to the NYCHRL is DENIED. Those branches of Defendant's motion seeking to dismiss the hostile work environment claim pursuant to NYSHRL and the retaliation claim pursuant to the NYSHRL and the NYCHRL, are GRANTED. Plaintiff's cross-motion, pursuant to CPLR 3025(b), seeking to amend the complaint is DENIED.
BACKGROUND
This action arises from alleged incidents of discrimination that Plaintiff, who identifies as African-American, experienced while working as a New York City police officer. Plaintiff [*2]joined the New York City Police Department ("NYPD") in January of 2007.[FN1]
In 2017, NYPD internal affairs began investigating Plaintiff and her relationship with Gary Gill.
Specifically, Plaintiff alleges she was the subject of surveillance by the NYPD Internal Affairs Bureau ("IAB"), which started after Plaintiff inquired about the arrest of Gary Gill in 2018.[FN2]
Plaintiff alleges that she was followed by the NYPD during a trip to Florida with Mr. Gill in 2018. Upon their return to New York, plaintiff alleges that Mr. Gill was driving the vehicle she rented for the trip and was summarily pulled over by members of IAB and questioned about his relationship with Plaintiff.[FN3]
Thereafter, in August 2018, Plaintiff was interrogated by IAB about Mr. Gill and alleges that she was told she should not share a bank account with Mr. Gill while simultaneously being accused of defrauding Wells Fargo.[FN4]
According to Plaintiff's complaint, she was given Charges and Specifications (disciplinary actions) on January 1, 2019.[FN5]
Plaintiff alleges she was charged with knowingly associating with someone engaged in criminal activity, knowingly associating with someone likely to be engaged in criminal activity, providing Mr. Gill access to her rental car, elusive banking transactions, improperly using the department computer system, discussing department business, failure to cease communications with Mr. Gill, misleading IAB and impeding a departmental investigation.[FN6]

Plaintiff asserts multiple causes of action, including (1) gender discrimination in violation of New York State Executive Law § 296; (2) gender discrimination and hostile work environment in violation of New York State Executive Law § 296; (3) race discrimination in violation of New York State Executive Law § 296; (4) retaliation in violation of New York State Executive Law § 296; (5) gender discrimination in violation of New York City Administrative Code § 8-107; (6) gender discrimination and hostile work environment in violation of New York City Administrative Code § 8-107; (7) race and national origin discrimination in violation of New York City Administrative Code § 8-107; (8) retaliation in violation of New York City Administrative Code § 8-107; (9) sex and gender discrimination strict liability in violation of New York City Administrative Code § 8-107(13)(b); (10) race discrimination strict liability in violation of New York City Administrative Code § 8-107(13)(b); and (11) retaliation strict liability in violation of New York City Administrative Code § 8-107(13)(b).[FN7]

Pursuant to CPLR § 3211 (a) (7), Defendant moves for an order dismissing Plaintiff's complaint arguing it fails to state a claim for race and gender discrimination, a hostile work environment, or retaliation pursuant to NYSHRL and NYCHRL, and that Plaintiff is not entitled to punitive damages.[FN8]
Plaintiff cross-moves, pursuant to CPLR § 3025 to amend her complaint.[FN9]

DISCUSSION
[*3]Leave to Amend the Complaint
As an initial matter, Plaintiff's cross-motion to amend the complaint is denied. A party may amend a pleading "at any time" with leave of Court (CPRL 3025(b); Flowers v Mombrun, 212 AD3d 713 [2d Dept 2023]). Absent prejudice or surprise resulting from the delay in seeking leave, such applications are freely granted unless the proposed amendment is insufficient or devoid of merit (id. at 714; Onewest Bank, FSB v N & R Family Tr., 200 AD3d 902 [2d Dept 2021]). However, it is soundly within the trial court's discretion to determine whether to permit or deny amendment (Edenwald Contr. Co., Inc. v City of New York, 60 NY2d 957 [1983]).
Here, Plaintiff failed to set forth new information that should have been incorporated into an Amended Complaint. Rather, Plaintiff submitted a complaint nearly identical to the original complaint, only adding a claim for discrimination for disability and the names of other NYPD Officers who she alleges were similarly situated. Plaintiff asserts that her association with someone [Mr. Gill] who is alcohol dependent resulted in discrimination, but dependency is only considered a disability if a person is actively in recovery, something Plaintiff failed to demonstrate. See Makinen v City of New York, 30 NY3d 81, 85 (2017) (under NYCHRL the disability of alcoholism "shall only apply to a person who (1) is recovering or has recovered and (2) currently is free of such abuse "). "Indeed, by its plain language, the NYCHRL does not regulate employer actions motivated by concern with respect to the abuse of alcohol. Rather, the NYCHRL covers circumstances in which employers unfairly typecast alcoholics who have sought treatment and who are not presently abusing alcohol, so as to ensure that such persons are afforded a fair opportunity at recovery" (id.). Accordingly, Plaintiff's cross-motion for leave to amend the complaint is denied.
Time-Barred Claims
Pursuant to CPLR § 214 (2), a cause of action for discrimination under the NYSHRL and the NYCHRL must be commenced within three years following the events leading to the claim. The present action was filed on August 29, 2022.[FN10]
Defendant argues that Plaintiff's claims arise from being served Charges and Specifications on January 1, 2019, and thus are time-barred as her action was commenced approximately eight months past the statute of limitations. However, Plaintiff's claims survive due to the tolling of statutes of limitation in place during the pendency of the Covid-19 pandemic. Specifically, any statute of limitations that did not expire prior to March 20, 2020, had 228 days added to it. This additional time brings the instant complaint within the statutory limits (see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721 [2d Dept 2023]).
Counts I, II, III, IV and V of Plaintiff's Complaint
These Counts will not be addressed by this Court since they appear to be unrelated to Plaintiff's claims. Specifically, they describe a male Plaintiff employed by The Port Authority of New York and New Jersey.[FN11]
The Plaintiff in the instant matter is a female formerly employed [*4]by the New York City Police Department.[FN12]
This discrepancy is neither addressed nor corrected in the Plaintiff's affirmation in opposition or reply brief.[FN13]

Plaintiff's Race and Gender Discrimination Claims
Defendant argues that Plaintiff failed to state a claim under the NYSHRL or NYCHRL for discrimination because the complaint does not set forth sufficient facts suggesting that Plaintiff was treated differently because of her protected status or that the Defendant was motivated by discriminatory animus based on race or gender.[FN14]
Defendant also contends that Plaintiff failed to plead an adverse employment action.[FN15]

"When reviewing a defendant's motion to dismiss the complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and provide plaintiffs with the benefit of every favorable inference" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]). "Whether the complaint will later survive a motion for summary-judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR [§] 3211 motion to dismiss" (Lam v Weiss, 219 AD3d 713, 715 [2d Dept 2023], quoting Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759 [ 2d Dept 2022]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11 [2005]). "Unlike a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings" (Davis v Boeheim, 24 NY3d 262 [2014]; see Silvers v Jamaica Hosp., 218 AD3d 817, 818-819 [2d Dept 2023). "The ultimate question is whether, accepting the allegations and affording these inferences, plaintiff can succeed upon any reasonable view of the facts stated" (Perez v Y & M Transportation Corp., 219 AD3d 1449, 1450-1451 [2d Dept 2023], quoting Doe v Bloomberg L.P., 36 NY3d 450,454 [2021]).
Under NYSHRL, a plaintiff alleging employment discrimination must establish: (1) they are a member of a protected class; (2) they are qualified to hold the position; (3) they suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (Ayers v Bloomberg, L.P., 203 AD3d 872, 874 [2d Dept 2022]). "An adverse employment action requires a materially adverse change in the terms and conditions of employment" (Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d 708, 710 [2d Dept 2022], quoting Forrest v Jewish Guild for the Blind, 3 NY3d at 306). That adverse change must be more than a mere inconvenience or alteration of job responsibilities, and generally manifests itself in the forms of "termination from employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities" (Golston-Green v City of New York, 184 AD3d 24, 37 [2d Dept 2020]).
An inference of discrimination is a "flexible standard that can be satisfied differently in differing factual scenarios" (Sethi v Narod, 12 F Supp 3d 505 [ED NY 2014], citing Howard v MTA Metro-N. Commuter R.R., 866 F Supp 2d 196 [SD NY 2011]). "A showing of disparate [*5]treatment—that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'—is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case" (Mandell v County of Suffolk, 316 F3d 368, 379 [2d Cir 2003], quoting Graham v Long Island R.R., 230 F3d 34, 39 [2d Cir 2000]). "A plaintiff relying on disparate treatment evidence 'must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself'". Id.
In addition, NYCHRL requires that a plaintiff demonstrate that they were subjected to an unfavorable employment change or treated less well than other employees on the basis of a protected characteristic (see Golston-Green, 184 AD3d at 36]). Finally, the "court must construe all provisions of the NYCHRL broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (Perez v Y & M Transp. Corp., 219 AD3d 1449, 1451 [2d Dept 2023] (internal quotation marks and citation omitted).
Plaintiff alleges discriminatory adverse employment action when she was presented with the option to resign and retain her pension benefits or be terminated, which would have resulted in the loss of said benefits. As an African-American woman, Plaintiff is a member of a protected class and was a qualified NYPD Officer, having been employed by the NYPD since 2007. In addition, she alleges adverse employment action when threatened with termination, including the concomitant loss of accrued pension benefits, unless she resigned. Plaintiff further points to several instances of fellow police officers who are similarly situated to plaintiff, but for race, that received lesser punishment for similar offenses to those Plaintiff was charged. In particular, she points to a white female officer who worked in the same police precinct as Plaintiff, who was dating an active gang member, and said officer tipped off her gang member boyfriend prior to the execution of a search warrant to avoid his arrest [FN16]
. That white officer was docked ten days pay and transferred to a different police precinct and not forced to resign or threatened with termination [FN17]
. Plaintiff also points to several other white male officers charged with associating with an individual known to the NYPD to be engaged in criminal activities and each were merely docked vacation days as their punishment and did not face the threat of termination and loss of pension benefits [FN18]
.
Defendant argues that Plaintiff's complaint fails to provide sufficient detail to establish that said referenced NYPD officers are similarly situated to her in all relevant respects. However, at this juncture, affording Plaintiff all reasonable inferences and mindful of the generous notice pleading standard to be applied, her identification of a specific comparator, by name, who worked in the same precinct as she, and appears to have been charged with similar offenses, is sufficient to carry her burden. See Lloyd v Bear Stearns & Co., 2004 US Dist LEXIS 24914 *19 (SDNY 2004), quoting Lizardo v Denny's, Inc., 270 F3d 94, 101 (2d Cir 2001) ("While their circumstances do not have to be identical, 'there should be a reasonably close resemblance of facts and circumstances. What is key is that they be similar in significant respects'"); see e.g., Pelepelin v City of New York, 189 AD3d 450, 452 (1st Dept 2020) (holding that plaintiff "amply met" pleading burden on failure to promote claim by "naming as a comparator a specific individual whose details can be particularly verified during discovery"); [*6]Shah v Wilco Sys., Inc., 27 AD3d 169, 177-178 (1st Dept 2005). Accordingly, that branch of Defendant's motion seeking to dismiss Plaintiff's claim of race discrimination pursuant to the NYSHRL and NYCHRL is denied as the complaint contains factual allegations sufficient to allege an inference of racial discrimination. However, that branch seeking to dismiss Plaintiff's claims of gender employment discrimination for failure to state a claim is granted as Plaintiff's claims do not demonstrate that the referenced male officers were similarly situated.
Plaintiff's Hostile Work Environment Claims
Defendant argues that Plaintiff's hostile work environment claim must also be dismissed because Plaintiff failed to sufficiently allege being subject to inferior conditions of employment because of her race or gender or being treated differently from similarly situated employees.
Under NYSHRL, a hostile work environment exists where a workplace is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment". La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 919 (2d Dept 2015), citing Forrest 3 NY3d at 310; see Oluwo v Sutton, 206 AD3d 750, 753 (2d Dept 2022). A variety of factors are to be considered in determining whether a hostile work environment exists, including frequency and severity of the discrimination, whether the allegedly discriminatory actions were threatening or humiliating, or a "mere offensive utterance," and whether the alleged actions "unreasonably interfere with an employee's work" (id. at 919-920). The abusive conduct must not only have altered the conditions of employment of the employee, who subjectively viewed the actions as abusive, but the actions must have created an "objectively hostile or abusive environment," which a "reasonable person would find to be so" (id. at 920). Here, plaintiff's hostile work environment pleading does not sufficiently allege an objectively hostile or abusive working environment under the NYSHRL standard.
However, under NYCHRL, a plaintiff must only show that he or she was treated less well than other employees because of the relevant characteristic (Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1003 [2d Dept 2021]; Llanos v T-Mobile USA, Inc., 132 AD3d 823, 824 [2d Dept 2015] [noting that the NYHRL "'explicitly requires an independent liberal construction analysis targeted to understanding and fulfilling the [NYCHRL's] 'uniquely broad and remedial' purposes, which go beyond those of counterpart state or federal civil rights laws'"], quoting Williams v New York City Hous. Auth., 61 AD3d 62, 66 [1st Dept 2009]; Nelson v HSBC Bank USA, 87 AD3d 995, 999 [2d Dept 2011]). The conduct alleged must exceed what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and mere personality conflicts will not suffice to establish a hostile work environment (Reichman v City of New York, 179 AD3d 1115,1118 [2d Dept 2020]). Here, Plaintiff alleged facts sufficient to state a hostile work environment cause of action under the NYCHRL. She describes a situation in which a similarly situated white female officer received a significantly less punishment in the form of a docking of pay and precinct transfer, as opposed to the threat of firing and loss of accrued pension benefits [FN19]
(see Karimian v Time Equities, Inc., 164 AD3d 486, 488-489 [2d Dept 2018] ["a cause of action asserted pursuant to NYCHRL must be analyzed independently from similar or identical causes of action asserted pursuant to Title VII and/or [*7]NYSHRL"]).
Plaintiff's Retaliation Claims
Defendant argues the retaliation claims must also be dismissed because Plaintiff's allegations are vague and do not establish a causal connection between a protected activity and adverse action.
To state a claim for retaliation under NYSHRL, a plaintiff must show that: (1) they were engaged in protected activity; (2) their employer was aware of the participation in such activity; (3) they suffered an adverse employment action based upon said activity; and (4) there is a causal connection between the protected activity and the adverse action (Forrest, 3 NY3d at 312-313; Reichman, 179 AD3d at 1119). An adverse employment action, in the context of unlawful retaliation, is an action which may have "dissuaded a reasonable worker from making or supporting a charge of discrimination" (Keceli v Yonkers Racing Corp., 155 AD3d 1014 [2d Dept 2017]; Reichman, 179 AD3d at 1119. "The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm" (Reichman, 179 AD3d at 1119, quoting Burlington N. and Santa Fe Ry. Co. v White, 548 US 53,67 [2006]).
NYCHRL offers broader protection with regard to a retaliation claim (Albunio v City of New York, 16 NY3d 472, 477-478 [2011]); Reichman, 179 AD3d at 1119). Under NYCHRL, a plaintiff must show that: (1) they engaged in a protected activity as defined under the NYCHRL; (2) their employer was aware that of participation in such activity; (3) the employer engaged in conduct that was reasonably likely to deter a person from engaging in that protected activity; and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct. Reichman, 179 AD3d at 1119, citing Sanderson-Burgess v City of New York, 173 AD3d 1233, 1235-1236 [2d Dept 2019]).
Plaintiff has not sufficiently stated a cause of action for retaliation under NYSHRL and/or NYCHRL. Plaintiff fails to allege any facts sufficient to sustain a claim for retaliation. Therefore, that branch of Defendant's motion seeking to dismiss the Plaintiff's claims of retaliation, under both the NYSHRL and NYCHRL is granted.
CONCLUSION
Plaintiff's cross-motion to amend the complaint is denied. Those branches of Defendant's motion seeking to dismiss the complaint for failure to state a claim for race and gender discrimination pursuant to the NYSHRL and the NYCHRL, and a hostile work environment pursuant to the NYCHRL are denied. Those branches of defendant's motion seeking to dismiss plaintiff's hostile work environment claim pursuant to NYSHRL and her retaliation claims pursuant to NYSHRL and NYCHRL are granted and said claims are dismissed. All other relief not expressly addressed herein is denied.
This constitutes the Decision and Order of the Court.
Date: June 11, 2024
___________________________
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc No. 1.

Footnote 2:Id. at 4,¶¶13-15.

Footnote 3:Id. at 5, ¶ 24.

Footnote 4:Id. at ¶¶ 29-30.

Footnote 5:Id. at 6-7.

Footnote 6:Id.

Footnote 7:Id. at pg.'s 37-52.

Footnote 8:NYSCEF Doc. #s 10-13.

Footnote 9:NYSCEF Doc. #s 17-19.

Footnote 10:NYSCEF Doc No. 1.

Footnote 11:Id. at 12-19.

Footnote 12:Id. at 3, see also NYSCEF Doc No. 9 at 2; NYSCEF Doc No. 14.

Footnote 13:NYSCEF Doc Nos. 13 and 14.

Footnote 14:NYSCEF Doc No. 13 at 7.

Footnote 15:Id. at 8-10.

Footnote 16:NYSCEF Doc. No. 9 at 7.

Footnote 17:Id.

Footnote 18:Id. at 8.

Footnote 19:NYSCEF Doc. No. 9 at 7.