| |
|---|
| **Hartford Ins. Co. of the Midwest v Strekte Corp.** |
| 2024 NY Slip Op 33679(U) |
| October 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650213/2020 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DEBRA A. JAMES**     PART   59

*Justice*

-----------------------------------------------------------------------------------X

THE HARTFORD INSURANCE COMPANY OF THE MIDWEST,

                Plaintiff,

         - v -

STREKTE CORP., PAUL JENSEN, and MARK RIGERMAN,

              Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650213/2020 |
| MOTION DATE | 10/25/2023 |
| MOTION SEQ. NO. | 001 002 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 83, 85

were read on this motion to/for             DISMISSAL            .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 17, 18, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 82, 84

were read on this motion to/for             DISMISSAL            .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 19, 20, 21, 22, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 87

were read on this motion to/for       AMEND CAPTION/PLEADINGS      .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 86

were read on this motion to/for         JUDGMENT - SUMMARY        .

<u>ORDER</u>

Upon the foregoing documents, it is

ORDERED that the motion, pursuant to CPLR 3211(a)(8), of

defendant Paul Jensen (motion sequence number 001) is denied;

and it is further

ORDERED that the motion, pursuant to CPLR 3211(a)(8), of

**650213/2020 HARTFORD INSURANCE vs. STREKTE CORP**
Motion No. 001 002 003 004

**Page 1 of 11**

1 of 11

defendant Mark Rigerman (motion sequence number 002) is denied; and it is further

ORDERED that the motion, pursuant to CPLR 3015 (b), of defendant Strekte Corp. (motion sequence number 003) is denied; and it is further

ORDERED that the motion, pursuant to CPLR 3212, of defendant Strekte Corp. (motion sequence number 004) is denied, without prejudice to defendants' right to renew such motion at the close of discovery and filing of a note of issue; and it is further

ORDERED that counsel are directed to post on NYSCEF a joint proposed discovery status conference order or competing proposed discovery status conference  order(s) at least two days before October 22, 2024, on which date counsel shall appear via Microsoft Teams, unless such appearance (upon joint request of counsel sent to IAS Part 59 Clerk, SFC-Part59-Clerk@nycourts.gov) be waived by the court.

## DECISION

In this action for, inter alia, reformation of a commercial insurance policy, individual co-defendants Paul Jensen (Jensen) and Mark Rigerman (Rigerman) submit separate motions to dismiss pursuant to CPLR 3211 (motion sequence numbers 001 & 002), and corporate co-defendant Strekte Corp. (Strekte) submits one motion for leave to amend its answer pursuant to CPLR 3025 (b)

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No.  001 002 003 004**

**Page 2 of 11**

2 of 11

[* 2]

(motion sequence number 003) and one motion for summary judgment to dismiss pursuant to CPLR 3212 (motion sequence number 004). The court hereby consolidates the foregoing motions for deliberation and decision.

Facts

Strekte is a New York State-licensed general contractor/construction management company of which Jensen and Rigerman are principals. See NYSCEF Document Nos. 1, ¶¶ 3-6 (complaint); 25, ¶ 1 (Jensen aff); 73 (New York City Department of Buildings [DOB] filings). Plaintiff the Hartford Insurance Company of the Midwest (Hartford) is a Connecticut-based insurance company that is licensed to do business in New York. Id., NYSCEF Document No. 1, ¶¶ 1-2.

On January 18, 2018, Jensen and Rigerman, on behalf of Strekte, applied for a workers' compensation insurance policy with Hartford through an online brokerage service called Automatic Data Processing Insurance Agency (ADPIA). See NYSCEF Document Nos. 1, ¶ 9; 65, ¶¶ 1-8 (statement of material facts). Thereafter, Hartford issued a workers' compensation insurance to Stretke which was effective from January 1, 2018 through January 1, 2019 (the 18-19 policy). Id., NYSCEF Document Nos. 1, ¶ 12; 71 (18-19 policy). Hartford later renewed the 18-19 policy automatically and issued another workers' compensation insurance policy that was effective from January 1, 2019, through January

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No.  001 002 003 004**                                              **Page 3 of 11**

3 of 11

[* 3]

1, 2020 (the 19-20 policy). Id., NYSCEF Document Nos. 1, ¶ 14; 72 (19-20 policy). Hartford alleges that it subsequently conducted an audit to verify the accuracy of Stretke's payroll as recorded on ADPIA. Id., NYSCEF document 1, ¶¶ 9-32. Hartford avers that the audit revealed that Jensen's and Rigerman's application omitted the fact that they and Stretke were actually general contractors and not salespersons/clerical staff performing non-construction related work (as they had reported). Id. Hartford states that, as a result of Jensen's and Riggerman's omissions and their subsequent refusal to cooperate with the audit, it cancelled the 19-20 policy effective June 26, 2019. Id., ¶ 19. Hartford further avers that, had it been in possession of the correct information, it would not have issued the 18-19 or the 19-20 policies to Stretke because the company's policy is not to provide workers compensation coverage to general contractors. Id., ¶¶ 9-65. Hartford finally alleges that, as a result of the incorrect information on the ADPIA application, Stretke paid lower premiums than were proper for both the 18-19 and 19-20 policies while they were in effect. Id.

Hartford commenced this action on January 17, 2020 via electronic service on the New York State Secretary of State of a summons and complaint with causes of action for: 1) money damages for fraudulent misrepresentation; and 2) piercing the

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No.  001 002 003 004**

**Page 4 of 11**

[* 4]

4 of 11

corporate veil. <u>See</u> NYSCEF Document Nos. 1, 2. On November 11, 2020, defendants filed a joint answer which raised the affirmative defenses of: 1) failure to state a claim; 2) failure to state an amount; 3) defendants' own negligence; 4) other insurance exists; 5) failure to name necessary parties; 6) statute of frauds; 7) doctrine of justification; 8) doctrine of estoppel; 9) ratification; and 10) doctrine of waiver. <u>Id.</u>, NYSCEF document 3. Notably, defendants' answer did *not* raise the affirmative defense of lack of personal jurisdiction. <u>Id.</u>

Nevertheless, on September 14, 2023 (long after the time to do so had expired), both Jensen and Rigerman submitted identical CPLR 3211 motions to dismiss the complaint as against them on the ground of lack of personal jurisdiction. Specifically, they argued that because Stretke's counsel did not represent them personally, Hartford's service of the complaint on Stretke did not constitute valid service on them (motion sequence numbers 001 & 002). <u>See</u> NYSCEF Document Nos. 13-18. On September 15, 2023, Stretke filed a motion for leave to serve an amended answer (motion sequence number 003). <u>Id.</u>, NYSCEF Document Nos. 19-22. The proposed amended answer is identical to the original answer but is raised only on behalf of Stretke. <u>Id.</u>

On September 26, 2023, Stretke filed a separate motion for summary judgment to dismiss the complaint (motion sequence number 004). *See* NYSCEF Document Nos. 23-34. Hartford has

**650213/2020 HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No. 001 002 003 004**

**Page 5 of 11**

5 of 11

served opposition to all of these motions and defendants have served reply papers as well. See NYSCEF Document Nos. 35-87. All four motions are fully submitted, while discovery is ongoing in this action and no note of issue has yet been filed.

### DISCUSSION

This decision will address each of defendants' motions in turn.

As stated above, defendants' first two motions are the respective applications of Jensen and Rigerman to dismiss this action (as against each) pursuant to CLR 3211 (a) (8) on the ground of lack of personal jurisdiction due to improper service of the complaint. CPLR 3211, subsection (e), is the relevant portion of the statute, and provides, in pertinent part:

> ". . . an objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship. * * * The papers in opposition to a motion based on improper service shall contain a copy of the proof of service, whether or not previously filed. An objection based upon a ground specified in paragraph eight . . . of subdivision (a) of this rule is waived if a party moves on any of the grounds set forth in subdivision (a) of this rule without raising such objection or if, having made no objection under subdivision (a) of this rule, he or she does not raise such objection in the responsive pleading".

As previously noted, Hartford commenced this action on January 17, 2020,via electronic service on the New York State

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**          **Page 6 of 11**
**Motion No.  001 002 003 004**

6 of 11

[* 6]

Secretary of State. See NYSCEF Document No. 2. The 60-day period specified in CPLR 3211 (a) (8), therefore, expired on March 17, 2020. As Jensen and Rigerman neither filed their respective dismissal motions until three and a half years later on September 14, 2023, nor preserved such objection in their answer, their objections to service are deemed waived. In sum, CPLR deems a service-based objection to personal jurisdiction waived where a defendant has failed to raise the objection in a responsive pleading, and as noted, the affirmative defenses in the November 11, 2020 answer did not assert improper service of process or lack of personal jurisdiction. See NYSCEF Document No. 3.

For its part, Hartford has satisfied the requirements of CPLR 3211 (a) (8), since its opposition papers to both Jensen's and Rigerman's motions include: 1) the affidavit of service of the summons and complaint on the New York State Secretary of State; and 2) copies of the representation that Stretke's counsel's recorded electronically on November 6, 2020 on the court's NYSCEF system stating that he represented Stretke, Jensen and Rigerman. See NYSCEF Document Nos. 2, 38, 48. The evidence before the court indicates that Hartford's service on Jensen and Rigerman was sufficient to confer personal jurisdiction over them by the court. Moreover, Jensen and Rigerman waived their right(s) to object to it by filing a

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No.  001 002 003 004**

**Page 7 of 11**

7 of 11

timely challenge in accordance with CPLR 3211 (e). Therefore, individual defendants' CPLR 3211(a)(8) motions shall be denied.

Defendants' third motion seeks leave to file and serve an amended answer on behalf of Stretke only (motion sequence number 003). Pursuant to CPLR 3025 (b), "[a] party may amend his or her pleading . . . at any time by leave of court . . .," such "[l]eave shall be freely given upon such terms as may be just including the granting of costs and continuances," and "[a]ny motion to amend . . . pleadings shall be accompanied by the proposed amended . . . pleading clearly showing the changes or additions to be made to the pleading." Further, "leave to amend should be freely granted unless the proposed claim is palpably insufficient as a matter of law or patently devoid of merit." Herrera v Highgate Hotels, L.P., 213 AD3d 455, 456-457 (1st Dept 2023), citing Cafe Lughnasa Inc. v A & R Kalimian LLC, 176 AD3d 523,523 (1st Dept 2019); Cruz v Brown, 129 AD3d 455, 456 (1st Dept 2015). Here, Stretke's proposed amended answer is "patently devoid of merit." It is completely identical to defendants' original answer with the sole change being a recitation that counsel represents only Stretke rather than all three defendants. See NYSCEF Document No. 21 (proposed amended answer). There are no other additions or substantive changes. The pleading contains the same ten affirmative defenses as the original and likewise omits any objections to personal

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No.  001 002 003 004**

**Page 8 of 11**

8 of 11

jurisdiction or service of process.  Id.  It is not apparent how Stretke would benefit from re-serving an amended answer that is identical to the original.  Courts have recognized that, by itself, a party's failure to add any new material to an amended pleading militates in favor of denying a request for leave to amend.  See e.g., Thompson v City of New York, 83 Misc 3d 1213(A), 2024 NY Slip Op 50701(U), *2 (Sup Ct, Kings County 2024).

This does not end the inquiry, however.  The Appellate Division, First Department, has held that the expedient of an amended pleading cannot be used to save claims that have been waived by a party who has failed to assert a timely jurisdictional objection and instead chosen to appear and participate in the subject litigation.  See e.g., CDR Créances S.A.S. v Cohen, 77 AD3d 489, 490-491 (1st Dept 2010).  Although Stretke does not seek to assert such an objection in its proposed amended answer, it is evident from the first two motions that Jensen and Rigerman do seek to assert a jurisdictional objection, which they waived.  As held above, they may not do so.  The court observed that Jensen and Rigerman have been content to participate in this action for three and a half years under the representation of Stretke's counsel.  If they are no longer satisfied with counsel's representation, they must move for permission to substitute new counsel of their

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No.  001 002 003 004**

**Page 9 of 11**

9 of 11

choosing, or Stretke's counsel must move for permission to be relieved. Counsel cannot avoid his professional obligation to represent Jensen or Rigerman in any other way. To date, neither the defendants nor counsel has moved for such relief. However, it is clear that a CPLR 3025 (b) motion to amend is not the proper procedural vehicle with which to seek it. Therefore, because it lacks merit vis á vis Stretke and seeks to employ an improper procedure vis á vis Jensen and Rigerman, defendants' third motion must be denied.

Defendants' fourth motion seeks summary judgment to dismiss the complaint as against Stretke (motion sequence number 004). The party moving for summary judgment bears the burden of proof, by competent, admissible evidence, that no material and triable issues of fact exist. See e.g., Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 (1985); Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 70 (1st Dept 2002). Once that showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action. See e.g., Zuckerman v City of New York, 49 NY2d 557, 562 (1980); Pemberton v New York City Tr. Auth., 304 AD2d 340, 342 (1st Dept 2003). However, appellate precedent recognizes that, pursuant to CPLR 3212 (f), it is proper to deny a motion for summary judgment as premature in an

**650213/2020   HARTFORD INSURANCE vs. STREKTE CORP**
**Motion No.  001 002 003 004**

**Page 10 of 11**

10 of 11

action where limited discovery has taken place and no depositions have been conducted. See e.g., Burlington Ins. Co. v 54th St. Auto Ctr., Inc., 208 AD3d 401, 401 (1st Dept 2022), citing Reid v St. Luke's-Roosevelt Hosp. Ctr., 191 AD3d 545, 547 (1st Dept 2021); Blech v West Park Presbyt. Church, 97 AD3d 443, 443 (1st Dept 2012).

Review of the NYSCEF docket reveals that the parties have only engaged in limited document discovery, and that defendants have declined to schedule EBTs while they pursue "dispositive motions". (Moreover, no note of issue has been filed, despite the fact that by Discovery Compliance Order dated June 14, 2023, such filing deadline was November 17, 2023.) Given the outstanding discovery, the court finds Stretke's summary judgment premature. Defendants' fourth motion must therefore be denied with leave to apply again at the close of the discovery process and the filing of a note of issue pursuant to CPLR 3212(a).

20241010125615DJAMESB101D06542F14FFF849EC87227FD821D

| 10/10/2024 | | | | DEBRA A. JAMES, J.S.C. | |
|---|---|---|---|---|---|
| DATE | | | | | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

650213/2020   HARTFORD INSURANCE vs. STRETKE CORP
Motion No. 001 002 003 004

Page 11 of 11

11 of 11